## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF GEORGIA
## SAVANNAH DIVISION

| | | |
|---|---|---|
| MICAAL WRIGHT, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CV423-238 |
| | ) | |
| SHONRELL CHAMBLISS, *et al.*, | ) | |
| | ) | |
| Defendants. | ) | |

## ORDER

*Pro se* plaintiff Micaal Wright filed this 42 U.S.C. §1983 Complaint alleging he was subjected to unconstitutional conditions of confinement at Coastal State Prison.  *See* doc. 1.  The Court granted Wright leave to proceed *in forma pauperis* and directed him to return several forms.  *See* doc. 5.  He has complied.  Docs. 7 & 8.  The Court, therefore, proceeds to screen Wright's Complaint.  28 U.S.C. § 1915A.

Because the Court applies Federal Rule of Civil Procedure 12(b)(6) standards in screening a complaint pursuant to § 1915A, *Leal v. Ga. Dep't of Corr.*, 254 F.3d 1276, 1278-79 (11th Cir. 2001), allegations in the Complaint are taken as true and construed in the light most favorable to the plaintiff.  *Bumpus v. Watts*, 448 F. App'x 3, 4 n.1 (11th Cir. 2011).

1

Conclusory allegations, however, fail. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (discussing a Rule 12(b)(6) dismissal). As Wright is proceeding *pro se*, his pleadings are held to a less stringent standard than pleadings drafted by attorneys and are liberally construed. *See Bingham v. Thomas*, 654 F.3d 1171, 1175 (11th Cir. 2011).

Wright alleges that he was threatened by several other inmates, Defendants Chambliss, Conway, and Johnson, in June and July 2023. *See* doc. 1 at 5. Chambliss "took [Plaintiff's] sandwiches," threatened him if he did not "pay rent in store goods," and punched him. Defendants Chambliss and Conway "pushed [him] on the floor and kicked [him] in [his] face because [he] didn't give them [his] tray." *Id.* Johnson stabbed Plaintiff over a dispute concerning "a stolen device," but "told [Plaintiff] it was an accident and don't say nothing." *Id.* Wright requests "the highest punishment available bestowed on these defendants." *Id.* at 6. He also requests that unidentified "officers that placed [him] back in the same dorm after consistently asking for help, be handled accordingly for

their egrigous [sic] and inordinate [sic] characteristics." *Id.*  He also seeks $70,000 in monetary damages. *Id.*

First, other prisoners are not proper defendants in a 42 U.S.C. § 1983 case.  Section 1983 provides relief against defendants acting "under color of law." *See, e.g., Patrick v. Floyd Med. Ctr.*, 201 F.3d 1313, 1315 (11th Cir. 2000) ("To obtain relief under § 1983, [Plaintiff] must show that he was deprived of a federal right by a person acting under color of state law.").  The inmate defendants that Wright names are, quite obviously, not acting under color of law.  *See, e.g., Simonton v. Tennis*, 437 F. App'x 60, 62 (3d Cir. 2011) ("We affirm the District's order, as it properly concluded that [Plaintiff] cannot sue [another i]nmate . . . under § 1983 because he is not a state actor."); *Jackson v. Foster*, 372 F. App'x 770, 771 (9th Cir. 2010) ("inmate [defendant] did not act under color of state law under any formulation of the governmental actor test."); *Fox v. Harwood*, 2009 WL 1117890, at *1 (W.D.N.C. Apr. 24, 2009) ("Plaintiff's fellow inmate is not a state actor for purposes of § 1983 liability.").

Wright's claims against Chambliss, Johnson, and Conway are, therefore, **DISMISSED**.

Wright's vague allegation that he seeks relief against "officers" who did not separate him from the violent inmates does implicate a possible claim. "[P]rison officials have a duty . . . to protect prisoners from violence at the hands of other prisoners." *Farmer v. Brennan*, 511 U.S. 825, 833 (1994) (internal quotations and citations omitted). "It is not, however, every injury suffered by one inmate at the hands of another that translates into a constitutional liability for prison officials responsible for the victim's safety." *Id*. at 834. Merely negligent failure to protect an inmate from attack does not justify liability under § 1983. *Brown v. Hughes*, 894 F.2d 1533, 1537 (11th Cir. 1990). "Prison officials must have been deliberately indifferent to a known danger before we can say that their failure to intervene offended 'evolving standards of decency,' thereby rising to the level of a constitutional tort." *Id*. (citing *Estelle v. Gamble*, 429 U.S. 97, 105-06 (1976)). The threat must rise to the level of "a strong likelihood, rather than a mere possibility before a guard's

failure to act can constitute deliberate indifference." *Id.* (internal quotation marks and citation omitted).

Wright's Complaint does not allege any fact that suggests that any particular officer was subjectively aware of any threat. "[I]mputed or collective knowledge cannot serve as the basis for a claim of deliberate indifference. . . . Each individual Defendant must be judged separately and on the basis of what that person knows." *Burnette v. Taylor*, 533 F.3d 1325, 1331 (11th Cir. 2008); *see also Robinson v. Owens*, 2014 WL 2617281, at *5 (M.D. Ga. June 12, 2014) (applying *Burnette* to analyze a failure-to-protect claim). Since he might supplement his allegations to support such a claim, as discussed below, he will have an opportunity to amend his Complaint.

To the extent that Wright's vague assertion that he seeks "the highest punishment" imposed upon the other inmates, that claim is also fatally flawed. Private citizens are simply not permitted to initiate criminal actions in federal court. *See, e.g., Lopez v. Robinson,* 914 F.2d 486, 494 (4th Cir. 1990) ("No citizen has an enforceable right to institute a criminal prosecution." (citing *Linda R. v. Richard V.*, 410 U.S. 614, 619 (1973) ("In American jurisprudence at least, a private citizen lacks a

judicially cognizable interest in the prosecution or nonprosecution of another.")); *Cok v. Cosentino*, 876 F.2d 1, 2 (1st Cir. 1989) ("[A] private citizen has no authority to initiate a federal criminal prosecution."). The Court is also without authority to order the United States Attorney, or indeed any other law enforcement officer, to initiate a prosecution. *See, e.g., Inmates of Attica Corr. Facility v. Rockefeller*, 477 F.2d 375, 379 (2nd Cir. 1973) (citations omitted) ("federal courts have traditionally and, to our knowledge, uniformly refrained from overturning, at the insistence of a private person, discretionary decisions of federal prosecuting authorities not to prosecute persons regarding whom a complaint of criminal conduct is made[,] . . . even in cases . . .where . . . serious questions are raised as to the protection of the civil rights and physical security of a definable class of victims of crime and as to the fair administration of the criminal justice system."). Such orders would violate the Constitution's separation of powers between the Executive and Judicial Branches. *See id.* at 379-80 (quotes and cite omitted) (the United States Attorney, although a member of the bar and an officer of the court, "is nevertheless an executive official of the Government, and it is as an officer of the executive department that he exercises a discretion

6

as to whether or not there shall be a prosecution in a particular case."). To the extent Wright seeks criminal investigation or prosecution of the other inmates, his claim is, therefore, **DISMISSED**.

In summary, Wright does not, and indeed cannot, assert a viable § 1983 claim against the inmate defendants, whether for monetary damages or seeking their prosecution. His claims against them are, therefore, **DISMISSED**. Although he also fails to state a failure-to-protect claim, "where a more carefully drafted complaint might state a claim, a district court should give a pro se plaintiff at least one chance to amend the complaint before the court dismisses the action." *Jenkins v. Walker*, 620 F. App'x 709, 711 (11th Cir. 2015). The Court will do so here.

Wright is **DIRECTED** to file an Amended Complaint clarifying the facts concerning his attack by no later than October 30, 2023. The Clerk is **DIRECTED** to send a blank copy of Form Pro Se 14 (Complaint for Violation of Civil Rights (Prisoner)) with this Order for Wright's convenience. Wright is advised that this amended complaint will supersede his original pleading—that is, it will replace the original pleading entirely—and therefore must be complete in itself. *See Varnes v. Local 91, Glass Bottle Blowers Ass'n of U.S. & Canada*, 674 F.2d 1365,

1370 n. 6 (11th Cir. 1982).   Finally, Wright is advised that failure to submit his Amended Complaint timely may result in a recommendation of dismissal.   Fed. R. Civ. P. 41(b).

Finally, the Court must assess Wright's filing fee.   *See* 28 U.S.C. § 1915(b).   Plaintiff's prisoner trust fund account statement reflects an average monthly balance of $61.00.   Doc. 7 at 1.   Based upon his furnished information, he owes an initial partial filing fee of $12.20.   *See* 28 U.S.C. § 1915(b)(1) (requiring an initial fee assessment "when funds exist," under a specific 20 percent formula).   His account custodian shall set aside 20 percent of all future deposits to the account, then forward those funds to the Clerk each time the set aside amount reaches $10, until the balance of the Court's $350 filing fee has been paid in full.   In the event plaintiff is transferred to another institution, his present custodian shall forward a copy of this Order and all financial information concerning payment of the filing fee and costs in this case to plaintiff's new custodian.   The balance due from plaintiff shall be collected by the

custodian at his next institution in accordance with the terms of the payment directive portion of this Order.

**SO ORDERED**, this 11th day of October, 2023.

_____
CHRISTOPHER L. RAY
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA