UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA
SAVANNAH DIVISION

MICAAL WRIGHT,                )
                              )
        Plaintiff,            )
                              )
v.                            )   CV423-238
                              )
SHONRELL CHAMBLISS, *et al.*, )
                              )
        Defendants.           )

# ORDER

*Pro se* plaintiff Micaal Wright filed this 42 U.S.C. §1983 Complaint alleging he was subjected to unconstitutional conditions of confinement at Coastal State Prison. *See* doc. 1. The Court screened his Complaint, dismissed his § 1983 claims against several other inmates and directed him to file an amended complaint clarifying his allegations against unidentified prison staff. *See generally* doc. 10. He has filed his Amended Complaint. Doc. 14. The Court, therefore, proceeds to screen the Amended Complaint pursuant to 28 U.S.C. § 1915A.

Because the Court applies Federal Rule of Civil Procedure 12(b)(6) standards in screening a complaint pursuant to § 1915A, *Leal v. Ga. Dep't of Corr.*, 254 F.3d 1276, 1278-79 (11th Cir. 2001), allegations in the

Complaint are taken as true and construed in the light most favorable to the plaintiff. *Bumpus v. Watts*, 448 F. App'x 3, 4 n.1 (11th Cir. 2011). Conclusory allegations, however, fail. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (discussing a Rule 12(b)(6) dismissal). As Wright is proceeding *pro se*, his pleadings are held to a less stringent standard than pleadings drafted by attorneys and are liberally construed. *See Bingham v. Thomas*, 654 F.3d 1171, 1175 (11th Cir. 2011).

Wright's Amended Complaint names only one defendant, an Officer Matz. *See* doc. 14 at 2. Wright alleges that after "abuse and altercation with [f]ellow inmates Chambliss [sic],"—presumably the attack alleged in his original Complaint, *see* doc. 1 at 5—Matz "advised Plaintiff to return to [h]is assigned dorm and bed in harms way of further abuse by same inmates." Doc. 14 at 4. He expressly alleges, later, that Matz "reported to Lt. Beard and [Plaintiff] was told to wait on bed space when requesting to be moved." *Id.* at 5.

Wright indicates that he asserts a § 1983 failure-to-protect claim against Matz. *See* doc. 14 at 3. The Court previously explained the contours of such a claim. *See* doc. 10 at 4-5. To be sure, Wright alleges that Matz knew that he was attacked by other inmates after the attack

had occurred and directed him to return to the same dorm. However, he expressly alleges that she reported the incident, and he does not allege that there was any indication, much less a "strong likelihood, rather than a mere possibility," of further attacks of which Matz was specifically aware. *Brown v. Hughes*, 894 F.2d 1533, 1537 (11th Cir. 1990) (quoting *Edwards v. Gilbert*, 867 F.2d 1271, 1276 (11th Cir. 1989)). As this Court has explained:

> Prisons are dangerous places because they are filled with people society has already deemed too dangerous to live amongst law abiding persons. Prisoners will always be at some risk of harm simply by being surrounded by these people. [Cit.] In order to trigger a failure-to-protect claim, a plaintiff must allege that the threat rose above the background danger.

*Goodson v. Benton*, 2020 WL 975089, at *2 (S.D. Ga. Jan. 16, 2020) (internal quotation marks and citation omitted)). A single prior incident, without any indication that Matz knew of an ongoing threat, is simply insufficient to support a failure-to-protect claim. *Cf. Farmer v. Brennan*, 511 U.S. 825, 842 (1994) (knowledge of risk might be inferred from past attacks where the history of such attacks was "longstanding, pervasive, well-documented, or expressly noted by prison officials in the past, and the circumstances suggest that the defendant-official being sued had

been exposed to information concerning the risk" (internal quotation marks omitted)); *Dietrich v. County of Orange,* 2020 WL 5209816, at *4 (S.D.N.Y. Sept. 1, 2020) ("[A]lleging a single prior incident . . . does not come close to alleging the longstanding, pervasive, well-documented history of similar attacks that would be necessary to state a failure-to-protect claim . . . ." (internal quotation marks and citation omitted)). Wright's Amended Complaint, therefore, fails to state a failure-to-protect claim upon which relief can be granted.

Wright also alleges that Matz knew that he was stabbed during the attack and implies that she failed to take any action to treat his injuries. *See* doc. 14 at 5 (alleging "I was stabbed, I showed Officer Matz," and "inmates treated my wounds."). Prison officials' deliberate indifference to "an inmate's serious medical needs violates the inmate's right to be free from cruel and unusual punishment." *Waldrop v. Evans,* 871 F.2d 1030, 1033 (11th Cir. 1989) (citing *Estelle v. Gamble,* 429 U.S. 97, 104-05 (1976)); *see Farmer,* 511 U.S. at 832-33 (although prison conditions may be restrictive and harsh, prison officials must provide, *inter alia,* necessary medical care). This requires that (1) the prisoner suffered a sufficiently serious medical need; (2) to which the defendants were

4

deliberately indifferent; (3) resulting in an injury. *Goebert v. Lee Cty.*, 510 F.3d 1312, 1326 (11th Cir. 2007).

Whether a serious medical need existed is an objective standard. *Milton v. Turner*, 445 F. App'x 159, 161-62 (11th Cir. 2011). However, whether defendants were deliberately indifferent is subjective and each defendant is "judged separately and on the basis of what that person knows." *Burnette v. Taylor*, 533 F.3d 1325, 1331 (11th Cir. 2008). To allege deliberate indifference, a plaintiff must show "(1) subjective knowledge of a risk of serious harm; (2) disregard of that risk; (3) by conduct that is more than [gross] negligence." *Youmans v. Gagnon*, 626 F.3d 557, 564 (11th Cir. 2010) (internal quotations and citation omitted). Even granting Wright the benefit of the tenuous assumption that he has alleged that Matz knew he suffered some injury and failed to provide care, he does not allege that the injury rose to the level of a "serious medical need." *See, e.g., Washington v. Shell*, 2023 WL 5939400, at *4 (N.D. Fla. Aug. 9, 2023) (citing *Oliver v. Morris*, 2007 WL 869562, at *2 (E.D. Tex. Mar. 20, 2007)); *Crichlow v. Doccs*, 2022 WL 6167135, at *12 (S.D.N.Y. Oct. 7, 2022) (non-life-threatening stab wound was not an objectively serious medical need). Wright's Amended Complaint,

5

therefore, fails to state a claim upon which relief can be granted arising from any alleged failure to treat his injuries.

In summary, Wright's Amended Complaint fails to state any claim upon which relief can be granted. It is, therefore, **DISMISSED**. 28 U.S.C. § 1915A(b)(1). The Clerk is **DIRECTED** to **CLOSE** this case.

**SO ORDERED**, this 1st day of November, 2023.

_____
CHRISTOPHER L. RAY
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA